NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

-----------------------------------------
                                          )
IN RE:                                    )    CASE NO.    11-31726 (JBR)
                                          )
MAIN STREET DEVELOPMENT CORP.,            )    CHAPTER    7
                                          )
        DEBTOR.                           )    ECF NO.    66, 84, 268
-----------------------------------------

**APPEARANCES**

Joseph P. Rigoglioso, Esq.              Attorney for the Debtor
375 Coram Avenue
Shelton, CT  06484

Joseph P. Rigoglioso, Esq.              *Pro Se*
375 Coram Avenue
Shelton, CT  06484

Ronald I. Chorches                      Chapter 7 Trustee
Law Offices of Ronald I. Chorches LLC
449 Silas Deane Highway, 2nd Floor
Wethersfield, CT  06109

Steven E. Mackey, Esq.                  Attorney for the United States Trustee
Office of the U.S. Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT  06510

Myles Alderman, Esq.                    Attorney for the Secured Creditor
Alderman & Alderman                       Naugatuck Savings Bank
20 Church Street, 7th Floor
Hartford, CT  06103

Mr. Kevin McDuffy aka Kevin McDuffie     *Pro Se*
2 Haley Ridge Road
Beacon Falls, CT  06403

**MEMORANDUM OF DECISION AND ORDER ON PENDING SHOW CAUSE ORDERS (ECF NO. 66 AND ECF NO. 84) AND MOTION FOR CONTEMPT (ECF NO. 268)**

Joel B. Rosenthal, United States Bankruptcy Judge

### I. BACKGROUND

The procedural history of this case, to the extent relevant to the instant pending matters, is as follows:

On June 24, 2011, the debtor/defendant, Main Street Development Corporation ("Main Street") filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code.

On July 13, 2011, the Court converted this case from Chapter 11 to Chapter 7. On that date the Chapter 7 Trustee was appointed.

On August 25, 2011, the Chapter 7 Trustee filed a motion for an order to show cause, ECF No. 63, which alleged, inter alia, that both the debtor and debtor's counsel had engaged in "blatant disregard for this [c]ourt's prior orders" and requested that the Court issue an order to show cause why the debtor, the debtor's CEO and debtor's counsel should not therefore be held in contempt and sanctioned.

On August 26, 2011, the Court issued a show cause order, ECF No. 66 requiring the Debtor (through Kevin McDuffy a/k/a Kevin McDuffie) and Attorney Rigoglioso to appear and show cause. On September 27, 2011, the Court heard testimony on the issue and on September 28, 2011, the Court issued a second show cause order, ECF No. 84, which continued the first show cause order on an evidentiary basis and imposed sanctions. Several evidentiary and non-evidentiary hearings were held, after which the Court took the question of contempt under advisement. See, e.g., ECF Nos. 111, 112, 116, 126, 370.

On August 22, 2012, the Chapter 7 Trustee filed a second contempt-related motion, a motion for contempt, ECF No. 268, alleging that the debtor and the debtor's CEO "willful[ly] fail[ed] to comply with this [c]ourt's prior [c]ourt [o]rder" and requesting that the Court find them in contempt and impose "appropriate sanctions."

The first day of evidentiary hearings on these Motions was August 30, 2011 and the seventh day was March 7, 2012. The trial judge retired on April 22, 2013 and all matters were assigned to a recalled judge. The recall judge reviewed over 900 pages of transcript and certified his ability to decide this matter under F.R.B.P. 9028.

This decision concludes a two-plus year saga of which none of the participants can be proud. There are many reasons why it took so long, however the system, which should be responsive and nimble when necessary, was not in this case. It is now clear that the instant matter has developed into what could generously be termed a "train wreck" for all involved - including the debtor, the debtor's CEO, debtor's counsel, secured creditor's counsel, the Chapter 7 Trustee, the United States Trustee and the Court.

## II. DISCUSSION

The Court notes that although this matter is technically not moot, there is little, if any, further relief that would be meaningful at this time, even if the Court were to make detailed findings as to contempt and rule violation. The Court notes that on May 10, 2012 (Bankruptcy Case No. 12-31124), Main Street's CEO, Mr. Kevin McDuffie, filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. The Chapter 7 Trustee acknowledged having notice of this development. ECF No. 268 at n. 1.

The Court believes that the imposition of most contempt sanctions as to McDuffie would be barred in light of his own bankruptcy. However, the Court also concludes that the record before it is more than adequate to require the Court to admonish Mr. McDuffie for his conduct in this matter. It is evident from the record that Mr. McDuffie's performance as Main Street's Chief Executive Officer, in the context of this converted Chapter 7 bankruptcy proceeding, was not sufficient and was deserving of reproach, particularly his continuing to write checks in the face of instructions not to do so from officers of the Court and his apparently insufficient attention to the materials he was providing to his attorney and signing off on as being accurate in court filings.

The Court further concludes that the Chapter 7 Trustee did not carry his burden of establishing by clear and convincing evidence conduct comprising Contempt by the debtor's counsel, Attorney Joseph Rigoglioso, Esq. This failed showing, particularly when viewed in conjunction with the procedural and evidentiary irregularies noted elsewhere in this opinion, see infra, convince the Court that a finding of contempt as to Attorney Rigoglioso is not warranted and such a finding is hereby denied as is the imposition of any sanctions against him. The Court's conclusion that the burden of proof may not have been satisfied should not be construed as endorsement of Attorney Rigoglioso's conduct or performance in this case. Indeed, the Court deems it appropriate to admonish Attorney Rigoglioso, whose advocacy on behalf of his client at critical moments in this matter was perhaps not sufficiently zealous, see infra, and whom the record suggests, as the case progressed and developed, may have failed to perform adequate due diligence regarding the accuracy or completeness of information received from his client as required by F.R.P.B. 9011.

The Chapter 7 Trustee is not free from criticism. The Court particularly notes the Chapter 7 Trustee's lack of clarity and also his efforts in taking possession of the debtor's business, which the

Court deems to have been not as diligently pursued as they might have been. The Court is of the opinion that had the Chapter 7 Trustee acted with more dispatch in moving to take possession and/or operate the debtor business, many of the issues that gave rise to the instant motions and show cause orders could have been avoided.

The Court faces great difficulty in determining at this time whether some of the issues as well as the manner in which this case evolved and "morphed" over time might be colored by what has been suggested to be personal animus between the Chapter 7 Trustee and debtor's counsel. The Court thus declines to hazard a conclusion as to the extent to which such alleged personal conflicts may or may not be a factor in this case but instead expresses its dismay at the course this matter has taken and at the many serious and fundamental issues outlined herein.

The Court is also concerned, for example, that the Chapter 7 Trustee, the secured creditor and the United States Trustee were extremely aggressive in their examination of witnesses during hearings on these issues and that opposing counsel, Attorney Rigoglioso, was not aggressive enough in opposing that activity. The Court also notes that the record is silent concerning the so-called "safe harbor" requirements of Fed. R. Bankr. P. 9011(c). Further provisions of the Federal Rules of Evidence concerning expert testimony seem to have been ignored. A particularly troubling aspect of the record was the lack of attention paid to the potential sanctions being pursued against the individual contemnors and to their ensuing implications, including, inter alia, issues of access, on the part of a *pro se* litigant accused of contempt, to court-appointed counsel when otherwise unable to obtain representation.

It is clear that over time this matter "morphed" into a true "train wreck" for all involved. The moving parties strayed far a field from the pleadings and with no pretrial order as a guide to the

issues, it appeared at several points in the transcript that this was trial by "ambush". In light of the foregoing and subject to the admonishments and criticisms discussed supra: (a) the Chapter 7 Trustee's motion for contempt, ECF No. 268 is hereby **DENIED**; and (b) the Court concludes that a finding of contempt or imposition of further sanctions pursuant to the Court's show cause orders, ECF No. 66 and 84, is inappropriate in ths instant case, therefore no findings of contempt or sanctions are hereby imposed as to Kevin McDuffie, the debtor Main Street Development Corporation or Attorney Joseph Rigoglioso. It is **SO ORDERED.**

By the Court,

Dated: November 25, 2013

Joel B. Rosenthal
United States Bankruptcy Judge